[No. G042527. Fourth Dist., Div. Three. Sept. 15, 2010.]

WINLY MALLARD, Plaintiff and Appellant, v.
PROGRESSIVE CHOICE INSURANCE COMPANY et al., Defendants and Respondents.

[No. G042710. Fourth Dist., Div. Three. Sept. 15, 2010.]

WINLY MALLARD, Plaintiff and Appellant, v.
RIVERS J. MORRELL III, Defendant and Respondent.

532

COUNSEL

William A. Kent for Plaintiff and Appellant.

Yocis & Cox and Stephen M. Smith for Defendants and Respondents.

OPINION

FYBEL, J.—

## INTRODUCTION

Plaintiff Winly Mallard filed a complaint against Progressive Choice Insurance Company (Progressive) and its attorney, Rivers J. Morrell III

(collectively referred to as defendants) for invasion of privacy and abuse of process. Mallard's claims were based on defendants' conduct of seeking discovery of her mental health records by subpoenaing third party health care providers, in preparation of Progressive's defense against Mallard's uninsured motorist claim. Mallard served Morrell but not Progressive with service of process, and, in response, Morrell filed an anti-SLAPP[1] motion to strike the complaint pursuant to Code of Civil Procedure section 425.16. (All further statutory references are to the Code of Civil Procedure unless otherwise specified.) The trial court granted the anti-SLAPP motion, dismissed the entire complaint against defendants with prejudice, and awarded Morrell attorney fees under section 425.16, subdivision (c).

We affirm the order granting Morrell's anti-SLAPP motion. Insurance Code section 11580.2 requires that automobile insurance policies include a provision whereby the insured and the insurer agree to submit uninsured motorist claim disputes to contractual arbitration and also expressly authorizes the use of subpoenas in connection with such proceedings. We hold the use of subpoenas to conduct discovery in the context of a contractual arbitration of an uninsured motorist claim dispute under the Insurance Code constitutes a writing in connection with "any other official proceeding authorized by law," within the meaning of section 425.16, subdivision (e)(2). Morrell thus met his burden of demonstrating the acts underlying the complaint arose from protected activity. As Mallard failed to meet the burden of establishing a probability of prevailing on the complaint, the trial court did not err by granting the anti-SLAPP motion as to Morrell.

We reverse the trial court's order dismissing Mallard's claims against Progressive, however, because Progressive was never served in the action, did not appear before the trial court, and did not make an anti-SLAPP motion on its own behalf.

We also affirm the trial court's order granting Morrell's motion for attorney fees under section 425.16, subdivision (c). As described in detail *post*, Mallard failed to show the trial court abused its discretion in awarding mandatory fees under the statute.

### FACTS

Progressive issued an automobile insurance policy to Mallard, which included coverage up to $5,000 for payment of and reimbursement for

---

[1] "SLAPP is an acronym for 'strategic lawsuit against public participation.' " (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1 [3 Cal.Rptr.3d 636, 74 P.3d 737].)

medical expenses incurred as a result of a motor vehicle accident. During the policy period, on April 29, 2005, Mallard was involved in an automobile accident, which Mallard contended caused her to incur medical expenses exceeding $5,000. She asserted an uninsured motorist claim because the driver of the other car involved in the accident did not have liability insurance.

Attorney Morrell was retained by Progressive with regard to Mallard's claim. Morrell propounded form interrogatories to Mallard on Progressive's behalf. In her verified responses to the form interrogatories, Mallard asserted claims of injuries involving her neck, arm, wrists, and back. She also asserted she had difficulty sleeping, and suffered "[s]hock" and "[n]ervous anxiety." In addition, she stated she was pursuing a claim for loss of earning capacity.

As pertinent to the issues on appeal, Mallard's mental health records were subpoenaed from health care providers identified in her verified responses. Mallard's counsel contacted Morrell and requested that Morrell withdraw the subpoenas or he would seek a protective order ex parte. Morrell did not withdraw the subpoenas and Mallard's counsel did not file a motion for a protective order or a motion to quash any of the subpoenas. Mallard did not otherwise object in court to the subpoenas as seeking privileged matter.

Mallard petitioned the trial court "to appoint a fair and impartial arbitrator" to resolve her uninsured motorist claim dispute with Progressive on the ground Insurance Code section 11580.2, subdivision (f) requires that such disputes be resolved by arbitration and the parties had "been unable to agree upon a suitable arbitrator." The trial court appointed an arbitrator.

## PROCEDURAL HISTORY

Mallard filed a complaint alleging claims for invasion of privacy and abuse of process against defendants, based on the act of subpoenaing third parties to obtain Mallard's mental health records. Mallard served only Morrell with the complaint.

Morrell filed an anti-SLAPP motion to strike the complaint, which was opposed by Mallard. The trial court granted the anti-SLAPP motion and ordered the complaint dismissed with prejudice as to both defendants. Mallard appealed.

The trial court granted Morrell's motion for attorney fees and costs, awarding him $13,756.64 in attorney fees and costs under section 425.16, subdivision (c). Mallard separately appealed from the trial court's order awarding Morrell attorney fees and costs. On this court's own motion,

Mallard's appeal from the order granting the anti-SLAPP motion and Mallard's appeal from the order awarding Morrell attorney fees were consolidated for all purposes.

## DISCUSSION

### I.

### THE TRIAL COURT DID NOT ERR BY GRANTING THE ANTI-SLAPP MOTION.

### A.

*Section 425.16 and Standard of Review*

■ "Section 425.16, subdivision (b)(1) requires the court to engage in a two-step process. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. [Citation.] If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim. Under section 425.16, subdivision (b)(2), the trial court in making these determinations considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' " (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 [124 Cal.Rptr.2d 507, 52 P.3d 685].) " 'The defendant has the burden on the first issue, the threshold issue; the plaintiff has the burden on the second issue.' " (*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 928 [116 Cal.Rptr.2d 187].)

We independently review the trial court's order granting the anti-SLAPP motion de novo. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325–326 [46 Cal.Rptr.3d 606, 139 P.3d 2].) " 'We consider "the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based." [Citation.] However, we neither "weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law." [Citation.]' [Citation.]" (*Id.* at p. 326.)

B.

*Morrell Carried His Burden of Demonstrating the Acts*
*Underlying the Complaint Arose from Protected Activity*
*Within the Meaning of Section 425.16, Subdivision (b)(1).*

To carry the initial burden in bringing an anti-SLAPP motion, " '[t]he only thing the defendant needs to establish to invoke the [potential] protection of the SLAPP statute is that the challenged lawsuit arose from an act on the part of the defendant in furtherance of her right of petition or free speech.' " *(Equilon Enterprises v. Consumer Cause, Inc., supra,* 29 Cal.4th at p. 61.) Section 425.16, subdivision (e)(2) provides that an act " 'in furtherance of a person's right of petition or free speech' " includes a "written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law."

Here, Mallard's claims are entirely based on Morrell's alleged conduct, as Progressive's counsel, of subpoenaing third party health care providers under Insurance Code section 11580.2, subdivision (f), to obtain Mallard's mental health records to defend against her uninsured motorist claim. Mallard does not contend any of the subject subpoenas fails to qualify as a writing within the meaning of section 425.16, subdivision (e)(2). Morrell's alleged conduct was not made in connection with an issue under consideration or review by a legislative, executive, or judicial body. (See *Century 21 Chamberlain & Associates v. Haberman* (2009) 173 Cal.App.4th 1, 8 [92 Cal.Rptr.3d 249] *(Century 21)* ["Arbitration is not a judicial proceeding—it is an alternative thereto[;] '[a]rbitration claims . . . are not filed in *courts* and they do not initiate *judicial* proceedings.' "].)

We therefore consider whether Morrell's alleged conduct was made in connection with an issue under consideration in an official proceeding authorized by law within the meaning of section 425.16, subdivision (e)(2). Mallard's arguments on appeal assume the subject subpoenas were issued "in connection with" (§ 425.16, subd. (e)(2)) contractual arbitration required under Insurance Code section 11580.2 to resolve her uninsured motorist claim dispute with Progressive; she does not argue otherwise. Therefore, the issue we address, *post,* is whether contractual arbitration under Insurance Code section 11580.2 constitutes an official proceeding authorized by law within the meaning of section 425.16, subdivision (e)(2).

In *Century 21, supra,* 173 Cal.App.4th at page 9, a panel of this court explained: "When nongovernmental entities are involved, courts have limited 'official proceeding' anti-SLAPP protection to (1) quasi-judicial proceedings

that are part of a 'comprehensive' statutory licensing scheme and 'subject to judicial review by administrative mandate' [citation], and (2) proceedings 'established by statute to address a particular type of dispute' [citations]." (See, e.g., *Philipson & Simon v. Gulsvig* (2007) 154 Cal.App.4th 347, 358 [64 Cal.Rptr.3d 504] ["[W]e have little trouble concluding that the initiation of a State Bar-sponsored fee arbitration proceeding is likewise covered; after all, it is an official proceeding established by statute to address a particular type of dispute."].) For the reasons we explain *post*, we hold that Morrell's alleged wrongful conduct occurred in connection with an issue under consideration by an official proceeding authorized by law within the meaning of section 425.16, subdivision (e)(2), because it occurred in the context of statutorily mandated contractual arbitration of an uninsured motorist claim dispute.

Pursuant to Insurance Code section 11580.2, every automobile liability insurance policy that covers bodily injury must also provide coverage for bodily injury damages caused by an uninsured motorist. In *Pilimai v. Farmers Ins. Exchange Co.* (2006) 39 Cal.4th 133, 140 [45 Cal.Rptr.3d 760, 137 P.3d 939] (*Pilimai*), the California Supreme Court stated: "Insurance Code section 11580.2 governs the provision of uninsured and underinsured motorist arbitration. As we explained in *Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332 [79 Cal.Rptr.2d 308, 965 P.2d 1178] . . . : 'At its core, in Insurance Code section 11580.2, the law states that, generally, an automobile liability insurance policy that an insurer issues or delivers to an insured owner or operator covering damages that a third party shall be legally entitled to recover for bodily injury from the insured owner or operator shall also cover damages that the insured owner or operator shall be legally entitled to recover for bodily injury from an *un*insured owner or operator. [Citation.] In this aspect, its purpose is to require a "type of self-protection" on the part of insured owners or operators. [Citations.]' "

■ As further stated in *Pilimai, supra*, 39 Cal.4th at page 140, Insurance Code section 11580.2 mandates contractual arbitration of uninsured motorist claim disputes. The *Pilimai* court explained: " '[I]n Insurance Code section 11580.2, the law states that such an automobile liability insurance policy *shall* also "provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration"—meaning *contractual* arbitration. [Citation.] In *this* aspect, its purpose is to offer a means of resolving disputes that is more expeditious and less expensive than litigation. [Citations.] *Its beneficiaries include the insurer and the insured*, who are each thereby given a right against litigating these issues. [Citation.] *But they also include the courts themselves, which are thereby freed from entertaining such litigation.*' " (*Pilimai, supra*, at p. 140, first, fourth, and fifth italics added; see *Brehm v. 21st Century Ins. Co.* (2008) 166 Cal.App.4th 1225, 1243 [83

Cal.Rptr.3d 410] [the contractual arbitration provision for uninsured and underinsured motorist claim disputes in an insurer's policy "is mandated by the statutory scheme" requiring uninsured and underinsured motorist coverage]; Cal. Uninsured Motorist Practice (Cont.Ed.Bar 2d ed. 2010) § 1.60, p. 51 [Cal.'s uninsured motorist law requires all automobile liability insurance policies to provide for contractual arbitration of disputes between insurers and insureds regarding liability, damages, or both].)

Insurance Code section 11580.2, subdivision (f) specifically authorizes the use of subpoenas and other discovery devices in litigating uninsured motorist claim disputes through contractual arbitration by stating in relevant part: *"The arbitration shall be deemed to be a proceeding and the hearing before the arbitrator shall be deemed to be the trial of an issue therein for purposes of issuance of a subpoena by an attorney of a party to the arbitration under Section 1985 of the Code of Civil Procedure.* Title 4 (commencing with Section 2016.010) of Part 4 of the Code of Civil Procedure shall be applicable to these determinations, and all rights, remedies, obligations, liabilities and procedures set forth in Title 4 (commencing with Section 2016.010) of Part 4 of the Code of Civil Procedure shall be available to both the insured and the insurer at any time after the accident, both before and after the commencement of arbitration . . . ." (Italics added.)

Insurance Code section 11580.2 requires the submission of uninsured motorist claim disputes to contractual arbitration for resolution, "which generally results in a binding and final decision" (*Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332, 338 [79 Cal.Rptr.2d 308, 965 P.2d 1178]), and authorizes the issuance of subpoenas in such proceedings. Therefore, Morrell carried his burden of showing defendants' use of subpoenas to conduct discovery in the preparation of Progressive's defense against Mallard's uninsured motorist claim constituted a writing in connection with "any other official proceeding authorized by law" within the meaning of section 425.16, subdivision (e)(2).

■ Citing *Century 21, supra,* 173 Cal.App.4th at page 5, Mallard argues Morrell's alleged wrongful conduct is not protected under the anti-SLAPP law because it occurred in the context of a "private contractual arbitration," which does not qualify as an official proceeding under section 425.16, subdivision (e)(2). Mallard's argument is without merit because the arbitration of uninsured motorist claim disputes under Insurance Code section 11580.2, subdivision (f) does not constitute a "private contractual arbitration" as that term is used in *Century 21.*

*Century 21* did not involve or address contractual arbitration under Insurance Code section 11580.2. In *Century 21, supra,* 173 Cal.App.4th at

pages 5–6, the trial court denied an anti-SLAPP motion challenging claims which were based on a client's demand to arbitrate her claim of negligent marketing of real property against her realtors. In affirming the denial of the anti-SLAPP motion, the appellate court held, "the anti-SLAPP statute does not protect the act of initiating private contractual arbitration" because such arbitration is "a private alternative to a judicial proceeding," and "is not an 'official proceeding' because it is a nongovernmental activity not reviewable by administrative mandate or required by statute." (*Id.* at p. 5.)[2] The court further stated its holding applied to "only private contractual arbitration," clarifying that "[a]rbitration required by law may be subject to anti-SLAPP protection." (*Century 21, supra,* at p. 8, fn. 3.)

In *Pilimai, supra,* 39 Cal.4th at page 141, the California Supreme Court, reiterating its holding in *Mercury Ins. Group v. Superior Court, supra,* 19 Cal.4th 332, stated that "arbitration pursuant to Insurance Code section 11580.2 is a form of contractual arbitration governed by the CAA [(California Arbitration Act)] . . . '. . . because the uninsured motorist coverage law requires an automobile liability insurance policy, which is a contract [citation], to provide for arbitration.' " The Supreme Court in *Pilimai, supra,* 39 Cal.4th at page 137, however, did not address the applicability of the anti-SLAPP law to the arbitration of uninsured motorist claim disputes under Insurance Code section 11580.2, subdivision (f).[3]

As discussed *ante,* unlike the privately negotiated arbitration agreement at issue in *Century 21, supra,* 173 Cal.App.4th 1, the parties here were not simply statutorily required to submit claims to arbitration pursuant to their private agreement to arbitrate, they were *statutorily required to contractually agree* to submit any dispute regarding uninsured motorist claims to contractual arbitration under Insurance Code section 11580.2, subdivision (f). Therefore, they were statutorily required to give up the right to resolve any such

---

[2] Insurance Code section 11580.26, subdivision (b) expressly protects against liability for the initiation of arbitration under Insurance Code section 11580.2, providing in relevant part: "No cause of action shall exist against either an insured or insurer from exercising the right to request arbitration of a claim under . . . Section 11580.2." (See *Pilimai, supra,* 39 Cal.4th at p. 142, fn. 2.)

[3] In *Pilimai, supra,* 39 Cal.4th at page 137, the California Supreme Court held: "(1) the provisions of Code of Civil Procedure section 998 do apply to arbitration conducted pursuant to Insurance Code section 11580.2; (2) the 'maximum liability' provision of Insurance Code section 11580.2, subdivision (p)(4) does not preclude recovery of costs under Code of Civil Procedure section 998 that, added to the arbitration award, exceed the coverage limits; (3) prejudgment interest is not available in the present action because it is not an action for 'personal injury' within the meaning of Civil Code section 3291; and (4) such costs may include deposition and exhibit preparation expenses."

dispute in a court of law, absent an exception to the enforcement of the contractual arbitration provision such as waiver or consolidation of the matter with a pending court action.[4] (See *Pilimai, supra*, 39 Cal.4th at p. 140 [noting the beneficiaries of Ins. Code, § 11580.2 include the courts which are " 'freed from entertaining such litigation' "].) Arbitration under these circumstances is "required by statute" within the meaning of the anti-SLAPP law. (*Century 21, supra*, 173 Cal.App.4th at p. 9.)[5]

■     Mallard also contends Morrell was without standing to file an anti-SLAPP motion on his own behalf because "he was only a helper to the party which actually had the right to petition." Mallard's argument is without merit because an attorney representing a client in litigation may invoke the anti-SLAPP statute to challenge claims alleged against him or her. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1116 [81 Cal.Rptr.2d 471, 969 P.2d 564].)

---

[4] In *Mercury Ins. Group v. Superior Court, supra*, 19 Cal.4th at page 346, the Supreme Court noted that "a general right to contractual arbitration of uninsured motorist coverage issues [created by Insurance Code section 11580.2] generally resulting in a binding and final decision simply does not amount to an *absolute* prohibition against the resolution of such questions by any other means in any other manner." (Italics added.) Although section 1281.2 "*generally* mandates a trial court to compel" contractual arbitration, it "may decline to do so" if (1) "the petitioning party has waived its right"; (2) "grounds exist to 'revoke' the underlying arbitration agreement by rescission"; or (3) "there is an issue of law or fact common to the arbitration and a pending action or proceeding with a third party and there is a possibility of conflicting rulings thereon" in which case the court may consolidate the matters. (*Mercury Ins. Group v. Superior Court, supra*, at p. 347.) The Supreme Court held in that case the trial court had the authority "to consolidate a contractual arbitration proceeding between an insurer and an insured as to uninsured motorist coverage in the insured's pending action against third parties—that is, to join the insurer as a defendant as to uninsured motorist coverage issues—for all purposes, including trial, in order to avoid conflicting rulings on a common issue of law or fact." (*Id.* at p. 345.)

[5] In *Century 21, supra*, 173 Cal.App.4th at page 9, the appellate court stated, "[t]he bare fact that statutes govern arbitration (§ 1280 et seq.) does not mean arbitration is subject to anti-SLAPP protection. Statutes govern nonjudicial foreclosure, but that is not an 'official proceeding authorized by law.' [Citation.] Statutes also govern stop notices, but such notices do not constitute ' "official proceeding[s] authorized by law," ' either." Unlike the statutory requirement that the parties agree to submit to contractual arbitration for the resolution of uninsured motorist claim disputes, "[n]onjudicial foreclosure merely provides a nonjudicial, private *alternative* to judicial foreclosure." (*Garretson v. Post* (2007) 156 Cal.App.4th 1508, 1521 [68 Cal.Rptr.3d 230], italics added.) Furthermore, the filing of a stop notice is distinguishable from an uninsured motorist claim because the former does not request the commencement of any type of proceeding and is "protected under the anti-SLAPP statute only if done when a lawsuit related to that act was contemplated in good faith and given serious consideration." (*A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.* (2006) 137 Cal.App.4th 1118, 1129 [41 Cal.Rptr.3d 1].)

## C.

### *Mallard Did Not Carry Her Burden of Establishing the Probability She Would Prevail on the Complaint.*

We now turn to review whether Mallard, carried her burden of demonstrating a probability of prevailing on her claims. We conclude she failed to carry her burden because her claims are defeated by the litigation privilege.

█ The litigation privilege, codified at Civil Code section 47, subdivision (b), "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. [Citations.]" (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212 [266 Cal.Rptr. 638, 786 P.2d 365]; see *Century 21, supra,* 173 Cal.App.4th at p. 10 ["Statements made in arbitration may be protected by the litigation privilege."].) The privilege is not limited to statements made inside a courtroom, but "applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." (*Silberg v. Anderson, supra,* at p. 212.) " '[C]ommunications with "some relation" to judicial proceedings' are 'absolutely immune from tort liability' by the litigation privilege . . . ." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1057 [39 Cal.Rptr.3d 516, 128 P.3d 713].)[6]

The record shows that following Progressive's investigation of the accident, Progressive had determined Mallard's April 2005 car accident was "extremely minor." Progressive contended Mallard's claims for payment and reimbursement of over $5,000 in medical expenses she alleged arose from that accident were inconsistent with that assessment. In verified responses to form interrogatories, Mallard listed various injuries she sustained as a result of the accident, including "[s]hock" and "[n]ervous anxiety." She also asserted in her responses that she was "claiming impairment of earning capacity." Mallard's mental health records were therefore subpoenaed.

As Mallard placed her mental health in issue in the resolution of the uninsured motorist claim dispute, the subject subpoenas were designed to

---

[6] " 'Both section 425.16 and Civil Code section 47 are construed broadly, to protect the right of litigants to " 'the utmost freedom of access to the courts without [the] fear of being harassed subsequently by derivative tort actions.' " [Citations.] Thus, it has been established for well over a century that a communication is absolutely immune from any tort liability if it has " 'some relation' " to judicial proceedings.' " (*Contemporary Services Corp. v. Staff Pro. Inc.* (2007) 152 Cal.App.4th 1043, 1055 [61 Cal.Rptr.3d 434].)

discover information that would support Progressive's defense against her claim by showing some or all of Mallard's mental health issues and loss of earning capacity were not caused by the April 2005 car accident. The subpoenas were thus issued "to achieve the objects of the litigation" and had "some connection or logical relation to the action." (*Silberg v. Anderson, supra*, 50 Cal.3d at p. 212.) The use of the subpoenas, as expressly sanctioned by Insurance Code section 11580.2, subdivision (f), therefore constituted privileged conduct.

Citing *Jeffrey H. v. Imai, Tadlock & Keeney* (2000) 85 Cal.App.4th 345 [101 Cal.Rptr.2d 916], Mallard argues, "a constitutional cause of action may not be controlled by a statutory litigation privilege." In *Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948, 960 [56 Cal.Rptr.3d 477, 154 P.3d 1003], the California Supreme Court expressly disapproved of *Jeffrey H. v. Imai, Tadlock & Kenney*, and held "the litigation privilege applies even to a constitutionally based privacy cause of action." (*Jacob B. v. County of Shasta, supra*, at pp. 961–962.)

As Mallard has failed to meet her burden of demonstrating a possibility of prevailing on her claims, the trial court did not err by granting Morrell's anti-SLAPP motion.

### D.

### *We Reverse the Trial Court's Order Dismissing Mallard's Claims Against Progressive.*

After granting Morrell's anti-SLAPP motion, the trial court dismissed Mallard's claims against defendants, even though Progressive had not been served in the case, much less filed an anti-SLAPP motion on its own behalf. Thus, the trial court erred by dismissing Mallard's claims against Progressive, solely based on Morrell's successful anti-SLAPP motion.

### II.

### ATTORNEY FEES ORDER

Section 425.16, subdivision (c) makes an award of attorney fees and costs to a defendant who prevails on an anti-SLAPP motion mandatory. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131 [104 Cal.Rptr.2d 377, 17 P.3d 735].) We review the amount of attorney fees awarded for abuse of discretion. (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1322 [81 Cal.Rptr.3d 866].) An attorney fee award will not be set aside "absent a showing that it is manifestly excessive in the circumstances."

(*Children's Hospital & Medical Center v. Bontá* (2002) 97 Cal.App.4th 740, 782 [118 Cal.Rptr.2d 629].)

On appeal, Mallard challenges the trial court's order granting Morrell attorney fees under the anti-SLAPP statute on the ground the motion should have been denied as untimely because it was filed "more than . . . 15 days after the judgment was entered."

Under rule 3.1702(b) of the California Rules of Court, a motion seeking fees following an order granting an anti-SLAPP motion must be served and filed within the time limits for filing a notice of appeal. (Weil et al., Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2010) ¶ 7:1185, p. 7(II)-53 (rev. # 1, 2009).) Under California Rules of Court, rule 8.104(a) and (f), a notice of appeal must be filed on or before 60 days after service of a document entitled "Notice of Entry" of the order granting the anti-SLAPP motion by the superior court clerk or a party; otherwise, the notice of appeal must be filed on or before 180 days after the entry of the order granting the anti-SLAPP motion.

The record does not contain a document entitled "Notice of Entry" of the order granting the anti-SLAPP motion, served by either the superior court clerk or a party, and Mallard does not contend otherwise. The motion for attorney fees was filed well before the 180th day following the court's order granting the anti-SLAPP motion. Hence, the motion for attorney fees was timely.

Mallard also contends the trial court abused its discretion in granting Morrell's motion for attorney fees by failing to consider Mallard's opposition to the motion. The record shows the trial court permitted Mallard to file an untimely opposition, and considered her arguments opposing the motion for attorney fees at the hearing on that motion.

■ Mallard further contends the award of attorney fees was excessive. Mallard does not identify which fees she considers inappropriate or provide any explanation for her argument. "The assertion [that] is unaccompanied by any citation to the record or any explanation of which fees were unreasonable or duplicative" is insufficient to disturb the trial court's discretionary award of attorney fees. (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App.4th 1219, 1248 [132 Cal.Rptr.2d 57].)

Mallard has failed to show the trial court abused its discretion in granting Morrell's motion for attorney fees.

## DISPOSITION

The order dismissing Mallard's claims against Progressive is reversed. The trial court's orders are otherwise affirmed. Morrell shall recover costs on appeal. No other party shall recover costs on appeal.

O'Leary, Acting P. J., and Ikola, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 23, 2010, S187097.