FILED

APR 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEATHER COLLINS and TYRONE COLLINS, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ALLSTATE INDEMNITY COMPANY, <br><br> Defendant - Appellee. | No. 10-15327 <br><br> D.C. No. 4:09-cv-04110-SBA <br><br> MEMORANDUM[*] |
| HEATHER COLLINS and TYRONE COLLINS, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> ALLSTATE INDEMNITY COMPANY, <br><br> Defendant - Appellant. | No. 10-15487 <br><br> D.C. No. 4:09-cv-04110-SBA |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 12, 2011[]
San Francisco, California

Before: GOODWIN and N.R. SMITH, Circuit Judges, and COLLINS, District Judge.[***]

Heather and Tyrone Collins appeal the district court's dismissal of their Complaint under Federal Rule of Civil Procedure 12(b)(6) without leave to amend. Allstate Indemnity Insurance Co. cross-appeals the district court's denial of its motion to strike under California's anti-SLAPP statute as moot. We affirm the district court as to the Collinses' appeal and reverse and remand for further proceedings as to Allstate's cross-appeal.

1. We deny the Appellants' Request for Judicial Notice and/or Motion to Augment Record on Appeal. These documents were not a part of the district court record. A party ordinarily may not offer new evidence on appeal, *see Lowry v. Barnhart*, 329 F.3d 1019, 1024-25 (9th Cir. 2003), and consideration of the additional documents would not change the outcome.

2. The district court did not err in dismissing the Complaint. The Collinses's Complaint alleged three causes of action: (1) breach of implied covenant of good

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Raner C. Collins, District Judge for the U.S. District Court for Arizona, Tucson, sitting by designation.

faith and fair dealing (bad faith); (2) breach of contract; and (3) declaratory relief. The district court dismissed the Complaint holding (1) there was no breach of contract and (2) there was no bad faith because (a) there was no breach of contract and (b) the statement was protected under the litigation privilege. The Collinses only challenge the district court's dismissal of the first cause of action (bad faith) based upon the litigation privilege.

As to the litigation privilege issue, the district court did not err in dismissing the Collinses' bad faith claim under California Civil Code § 47(b). Section 47 applies to the communications (even if made in bad faith) that were made in an arbitration proceeding authorized by California Insurance Code § 11580.2. *See Hagberg v. Cal. Fed. Bank FSB*, 81 P.3d 244, 252 (Cal. 2004); *Mallard v. Progressive Choice Ins. Co.*, 115 Cal. Rptr. 3d 487, 495 (Ct. App. 2010). Because the Collinses do not challenge the district court's dismissal of their causes of action for breach of contract and declaratory relief, those issues are waived. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

3. The district court did not abuse its discretion in denying leave to amend, because such an amendment would be futile. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The Complaint was based solely upon the disclosure of the

3

policy limits to the arbitrator. The insurance policy did not prohibit the disclosure and the disclosure was protected under California Civil Code § 47.

The Collinses' argument on appeal concerning bad faith, due to Allstate's delay in resolving this claim, was not raised to the district court. Thus, there was no abuse in denying leave to amend. *See, e.g.*, *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982) ("Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied."), *vacated and remanded on other grounds*, 459 U.S. 810 (1982).

4.      Lastly, we reluctantly hold that the district court erred in denying Allstate's motion to strike under California's anti-SLAPP statute (Cal. Civ. Proc. Code § 425.16(b)(1)). Resolution of the underlying action did not moot the anti-SLAPP motion, because the anti-SLAPP statute mandates that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 415.16(c)(1); *see also White v. Lieberman*, 126 Cal. Rptr. 2d 608, 614 (Ct. App. 2002). Because the district court did not consider the applicability of the anti-SLAPP statute to this Complaint, we are required to remand so that the district court may consider Allstate's motion (including attorney's fees) in the first instance.

4

AFFIRMED as to the appeal.

REVERSED and REMANDED as to the cross-appeal.