Filed 4/22/15  Rosen v. Nelson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SAMUEL ROSEN,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BEATRICE NELSON,<br><br>Defendant and Respondent. | D065658<br><br><br><br>(Super. Ct. No. 37-2012-00052830-<br>CU-DF-NC) |

APPEAL from an order of the Superior Court of San Diego County, Earl H. Maas III, Judge.  Affirmed.

Samuel Rosen, in pro. per., for Plaintiff and Appellant.

North County Law Firm and Anton C. Gerschler for Defendant and Respondent.

In this defamation case plaintiff Samuel Rosen, appearing in propria persona as he did in both the trial court and this court in his unsuccessful prior appeal in this matter (*Rosen v. Nelson* (July 25, 2013, D062501 [nonpub. opn.] (*Rosen I*), appeals an award of attorney fees and costs ($45,081 in fees and $2,473 in other costs) that the court granted in favor of defendant and prevailing party Beatrice Nelson after it granted her Code of

Civil Procedure[1] section 425.16 motion—commonly known as an anti-SLAPP (strategic lawsuit against public participation) motion—to strike the defamation complaint Rosen filed against her. In *Rosen I*, Rosen unsuccessfully challenged the order granting Nelson's anti-SLAPP motion.

In this new appeal, Rosen's principal contention is that the award of fees and costs in favor of Nelson under the anti-SLAPP statute (§ 425.16) should be reversed because the court erroneously granted her anti-SLAPP motion to strike his complaint. As the law-of-the-case doctrine bars Rosen from relitigating in this appeal his unsuccessful claim in *Rosen I* that the court erred in granting Nelson's motion to strike the complaint, we affirm the award of fees and costs.

FACTUAL AND PROCEDURAL BACKGROUND[2]

At all times relevant, Rosen and Nelson were residents of a mobilehome community known as San Luis Rey Homes (SLRH), where Rosen and another SLRH resident, Phil Hauser,[3] were paid in connection with a project to upgrade SLRH's utility infrastructure.

---

[1]    All further statutory references are to the Code of Civil Procedure.

[2]    The following background is derived in part from this court's unpublished opinion in *Rosen I*.

[3]    Phil Hauser separately sued Nelson for defamation based on the same alleged defamatory statements that are the subject of the instant case. (See *Hauser v. Nelson* (Super. Ct. San Diego County, 2012, No. 37-2012-00053288-CU-DF-NC).) The trial court in that action also issued an order granting an anti-SLAPP motion brought by Nelson, and this court affirmed that order. (See *Hauser v. Nelson* (Nov. 15, 2013, D062611) [nonpub. opn.].)

A. *Rosen's Complaint*

In his complaint, Rosen alleged that in early February 2012, when he was the revitalization project director of SLRH, Nelson made libelous statements about him by "publish[ing] a four-page written statement to Owners/Members of [SLRH]" in which she falsely stated (among other things):

> "There was nothing about [Rosen's] qualifications, his background, education, work history, his experience to qualify him to be in charge of any revitalization project, and inquiry indicates there is no resume on file at our office."

> "At the December meeting, Russ Burns asked [Rosen]: '[H]ow much time do you and Phil [Hauser] take to do the research, reading, and evaluation for our benefit? [Rosen's] reply: 'Phil and I work about 100 hours a week each . . . on this.' That would leave less than 10 hours a day to eat, sleep and all else.' When someone tells that humongous a whopper, who would believe anything that person ever said?"; and

> "[Rosen] is very charismatic, with a gift of persuasive speech, but his bullying a member at the [February] meeting by putting him in a vice-like grip under his left arm was humiliating and not funny! Would you like this if he did it to you? One has to be either brave or foolhardy to speak at a meeting."

Rosen also alleged in his complaint that Nelson made libelous statements about him by "publish[ing] a three-page written statement to the Board of Governors and Owners/Members of [SLRH]" in which she falsely stated (among other things):

> "Our reserve funds may be used only for the repair, restoration, replacement, or maintenance of major components for which the fund was established. It was not established to support Sam Rosen or Phil Hauser neither of whom have the background or qualifications in what our underground utilities revitalization requires."

3

"It has reached the point where a member is either brave or foolhardy to speak or ask questions, as demonstrated by Sam Rosen's bullying and humiliating a member at our February meeting. This was not cute nor funny!  How would you feel if this was done to you?"

In his cause of action for slander per se, Rosen alleged the same three-page written statement to the board of governors and the owners/members of SLRH falsely stated:

"I also want to inform the Board that I have been in contact with the San Diego District Attorney's office, and have sent them copies of all my documentation.  If anyone again threatens to 'murder' me, I expect the Board to follow necessary action as set forth in our Bylaws.  I am now going to read some of our facts and concerns, which may possibly qualify as Financial Abuse of the Elderly."

Rosen further alleged "these statements are defamatory because the language carries a meaning that [his] conduct was criminal and harmful to others."

B. *Nelson's Opposed Anti-SLAPP Motion To Strike Rosen's Complaint*

In her anti-SLAPP motion, which Rosen opposed, Nelson argued the court should strike Rosen's complaint under section 425.16 "on the grounds that [her] allegedly libelous and slanderous statements . . . sued upon . . . arose from [her] exercise of her 'right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue,' to wit, her questioning the Board of Governors of the mobilehome park association, San Luis Rey Homes, Inc., . . . about its expenditure of the association's monies to compensate other park residents, [Rosen] and Phil Hauser, as paid consultants on the park's utility revitalization project."

4

1. *Order granting Nelson's anti-SLAPP motion*

The court granted Nelson's anti-SLAPP motion and struck Rosen's complaint. In granting the motion, the court found Rosen had failed to meet his burden of establishing a reasonable probability of prevailing on his defamation claims. The court stated:

> "Almost all of these statements by [Nelson] are statements of opinion or concern [about] inaction of the Board. [Nelson's] speech concerns the failure of the Board to require [Rosen] to account for his time and whether [Rosen] is paid too much. Even though the statement allegedly made by [Nelson] that the Board is not paying [Rosen] for his 'extra-curricular activity' could be interpreted as an insinuation that [Rosen] is not doing the work he is paid to do, the statement really concerns the Board's lack of supervision or failure to account for members' money paid to [Rosen] when it is read in conjunction with the rest of the allegations. Again, the statement concerns the Board[,] not [Rosen].

> "With regard to the allegations that [Nelson] informed everyone that [Rosen] put a member in a 'vice-grip,' [Rosen] has not sufficiently alleged defamation. [Rosen] alleges this statement was made to the Board, distributed in the minutes, and the alleged actions took place at a meeting. Defamation requires that the statement be published to a third person. Arguably, the members are not third persons . . . . [Rosen] even produced numerous Declarations from those present that support his position that he did not put the member in a 'vice grip' but was demonstrating how someone had put an arm around him. This illustrates the members were present when the conduct occurred. Whether the conduct was too aggressive or not is a matter of opinion and without more specific allegations[,] such as identification of the people that received [Nelson's] statement that were not present when the conduct occurred, [Rosen] has not alleged publication.

> "Lastly, [Rosen] also alleges statements made by [Nelson] concerning financial elder abuse. [Nelson] indicates that these were published to the District Attorney's Office along with all other statements including the statement that [Rosen] put a member in a 'vice-grip[.]' [¶] Defamation is not the appropriate cause of action with regard to these statements because any statements to the

5

District Attorney, especially those concerning financial or physical elder abuse[,] would be protected by privilege."

D. *Rosen's Prior Appeal* (*Rosen I*)

In *Rosen I*, Rosen challenged the order granting Nelson's anti-SLAPP motion. This court affirmed the order, concluding that "Rosen ha[d] not met his burden of overcoming the presumed correctness of the challenged order by affirmatively demonstrating error because he ha[d] failed to provide this court with an adequate record on appeal."

This court thereafter denied Rosen's petition for rehearing. On October 2, 2013, the California Supreme Court denied his petition for review (*Rosen v. Nelson*, S212757).

E. *Court's Award of Attorney Fees and Costs in Favor of Nelson, and Rosen's New Appeal*

As the prevailing party, Nelson thereafter brought a motion to recover her attorney fees and costs under the anti-SLAPP statute (§ 425.16, subd. (c) (hereafter § 425.16(c)). The court awarded Nelson reasonable attorney fees in the amount of $45,081 and other costs in the amount of $2,473. Rosen's appeal challenging that award followed.

DISCUSSION

In challenging the award of attorney fees and costs awarded to Nelson under section 425.16(c), Rosen's principal contention in this new appeal is that—despite the trial court's finding to the contrary in granting Nelson's anti-SLAPP motion—he "established a probability of prevailing on his defamation/slander/libel claims," and, thus, Nelson's award of fees must be reversed "because they do not arise from [Nelson's] protected speech." In support of this contention, he asserts Nelson's counsel "abuse[d] the Anti-

6

SLAPP Motion jurisprudence" in order to "enrich his practice." Rosen also asserts that "[Nelson's] statements concerning [him] are not protected political speech about public figures in the performance of their public duties, and were not made in the furtherance of her right of petition or free speech under the United States or California Constitution." He complains that this court "allowed [Nelson's] meretricious attempt to insulate alleged torturous conduct behind a procedural gimmick in the misuse of the Anti-SLAPP statute by ruling that [Nelson's] Anti-SLAPP Motion is affirmed in its July 25, 2013 [opinion]." We conclude Rosen's main contention—that the award of fees and costs in favor of Nelson should be reversed because the court erroneously granted her anti-SLAPP motion—is unavailing.

A. *Applicable Legal Principles* (*Fees Awarded Under § 425.16, subd.* (*c*)(*1*))

Section 425.16, subdivision (c)(1), provides that "in any action subject to [a special motion to strike under section 425.16], a prevailing defendant . . . shall be entitled to recover his or her attorney's fees and costs." An award of attorney fees to a defendant who brings a successful special motion to strike—or so-called anti-SLAPP motion—under section 425.16 is mandatory. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131.) The fee award to the prevailing defendant "may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under . . . section 425.16. . . . '[A]bsent circumstances rendering the award unjust, fees recoverable . . . ordinarily include compensation for all hours reasonably spent, including those necessary to establish and defend the fee claim.'" (*Ketchum,* at p. 1141.)

7

1. *Standard of review*

"We review the amount of attorney fees awarded for abuse of discretion. [Citation.] An attorney fee award will not be set aside 'absent a showing that it is manifestly excessive in the circumstances.'" (*Mallard v. Progressive Choice Ins. Co.* (2010) 188 Cal.App.4th 531, 544.) "A ruling amounts to an abuse of discretion when it exceeds the bounds of reason, and the burden is on the party complaining to establish that discretion was abused." (*Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 450 (*Gerbosi*).)

B. *Analysis*

As already discussed, Rosen's principal contention is that the award of fees and costs in favor of Nelson should be reversed because the court erroneously granted her anti-SLAPP motion and, thus (he suggests), Nelson is not entitled to recover her fees and costs under section 425.16(c).

However, Rosen is barred by the law-of-the-case doctrine from relitigating in this new appeal his unsuccessful claim in *Rosen I* that the court erred in granting Nelson's motion to strike the complaint. "The rule of 'law of the case' generally precludes multiple appellate review of the same issue in a single case." (*Searle v. Allstate Life Ins. Co.* (1985) 38 Cal.3d 425, 434.) "The primary purpose served by the law-of-the-case rule is one of judicial economy." (*Id.* at p. 435.) Here, Rosen litigated to finality in *Rosen I* the propriety of the court's order granting Nelson's special anti-SLAPP motion to strike Rosen's defamation complaint. In *Rosen I*, as already discussed, this court affirmed that order, we denied Rosen's petition for rehearing, and the Supreme Court denied his

petition for review. Thus, under the law-of-the-case doctrine Rosen is barred from relitigating in this new appeal his unsuccessful claim in *Rosen I* that the court erred in granting Nelson's special motion to strike his complaint. (See *Searle*, at p. 434.) Thus, Rosen's challenge to the award of fees and costs fails to the extent it is based on his already-litigated unsuccessful claim that the order granting Nelson's special anti-SLAPP motion was erroneous.

Rosen also appears to challenge the amount of the award of attorney fees ($45,081) by stating that "a defendant should not be entitled to obtain *as a matter of right* . . . her entire attorney fees incurred on successful and unsuccessful claims merely because the attorney's work on those claims was overlapping. [His] claims were never completely addressed." However, in asserting that the defamation claims alleged in his complaint "were never completely addressed," Rosen is again attempting to relitigate in this new appeal his unsuccessful claim in *Rosen I* that the court erred in granting Nelson's special motion to strike his complaint. We have already concluded that he may not do so in this new appeal. In any event, as already discussed, "the burden is on the party complaining to establish that discretion was abused." (*Gerbosi*, *supra*, 193 Cal.App.4th at p. 450.) We conclude that, to the extent Rosen complains about the amount of the award of attorney fees, he has failed to meet his burden of establishing the court abused its discretion.

Rosen also complains that the trial court "did not allow for Discovery necessary to allow [him] the opportunity to prevail on his complaint." Once again, he is attempting to relitigate his unsuccessful claim in *Rosen I* that the court erred in granting Nelson's

9

special motion to strike his complaint. He is barred under the law-of-the-case doctrine from doing so. (See *Searle v. Allstate Life Ins. Co., supra,* 38 Cal.3d at p. 434.)

Citing a motion for injunctive relief he filed in the trial court in January 2014, Rosen also complains that the trial court "has seen fit to ignore [his] request to stop [Nelson] from continuing slandering and libeling [him] to the public, police departments, and Oceanside City employees." He asks this court to "compel the lower court to hear [his] Motion for Injunctive Relief." However, Rosen's notice of appeal shows he appeals only from the award of attorney fees and costs. Any claim that the court erroneously refused to hear Rosen's motion for injunctive relief is not justiciable in this appeal.

## DISPOSITION

The order awarding fees and cost in favor of Nelson is affirmed. Nelson shall recover her costs on appeal.

NARES, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

10